<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

| | |
|---|---|
| SHAKEYSHA L. PRUITT, | :   Civ. Action No. 19-14529 (RMB) |
| Petitioner | : |
| v. | :   **OPINION** |
| SARAH DAVIS, Administrator, and ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : |
| Respondents | : |

---

APPEARANCES:

Shakeysha L. Pruitt,
        Petitioner, Pro Se

Nancy P. Scharff
Special Deputy Attorney General
Acting Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102-1231
        On behalf of Respondents

BUMB, UNITED STATES DISTRICT JUDGE

This matter comes before the Court upon Petitioner Shakeysha

L. Pruitt's ("Petitioner") Petition for a Writ of Habeas Corpus

under 28 U.S.C. § 2254, challenging her state court conviction for

aggravated manslaughter, (Pet., Dkt. No. 1), Respondents' answer

in opposition to habeas relief (Answer, Dkt. No. 9), and

Petitioner's traverse. (Traverse, Dkt. No. 14.) For the reasons

set forth below, the Court denies the petition for writ of habeas corpus.

I.   PROCEDURAL HISTORY

On July 28, 2013, in the New Jersey Superior Court, Camden County, Petitioner Shakeysha Pruitt was charged with one count of first degree purposeful knowing murder, a violation of N.J.S.A. 2C:11-3a(1) and (2), for the death of Kafarr Logan-Horton. (Uniform Defendant Intake, Dkt. No. 10 at 22.) Approximately one year later, on June 19, 2014, Petitioner entered into a pre-indictment plea agreement. (Ra2, Dkt. No. 4.) She plead guilty to a single count of first degree aggravated manslaughter, a violation of N.J.S.A. 2C:11-4a(1), as alleged in Camden County Accusation 1806-06-14. (Id.; Ra1, Dkt. No. 3.) In accordance with the plea agreement, the State would recommend a maximum "cap" sentence of a 20-year term of imprisonment, subject to an 85% parole ineligibility term. (Ra2 at 2-3, Dkt. No. 4.)

After conducting a plea colloquy with Petitioner, who provided a factual basis for her plea, the Honorable John T. Kelley, J.S.C. accepted Petitioner's guilty plea. (Rta1 at 14, Dkt. No. 9-28.) Petitioner acknowledged that on July 28, 2013, she accompanied the victim, Kafarr Logan Horton, to his apartment in Oaklyn, N.J., where the two engaged in intimate relations before having a dispute. (Id. at 10-11.) After the dispute, she left the victim's bedroom and proceeded to the kitchen, where she obtained

a knife, which she folded in a towel. (Rta1 at 11, Dkt. No. 9-28.)
She returned with the knife to the bedroom, where she stabbed Logan
Horton in the chest twice. (Id.) She admitted that her action posed
a probability of Horton's death. (Id. at 12.) Petitioner waived
the defenses of intoxication, self-defense or passion-provocation,
after first discussing this with her counsel. (Id. at 12-13.) A
signed, written version of Petitioner's factual statement was made
part of the record. (Ra2A, Dkt. No. 5.)

The sentencing hearing was conducted on July 25, 2014, before
the Honorable John T. Kelley, J.S.C., who imposed a 20-year term
of imprisonment, subject to an 85% parole ineligibility term. (Rta2
at 16-17, Dkt. No. 9-29.) The Court noted the midrange sentence
was appropriate and in the interest of justice under the
circumstances. (Id.)

On March 10, 2015, Petitioner's appealed her sentence before
the Excessive Sentence Oral Argument ("ESOA") panel of the
Appellate Division of the New Jersey Superior Court (Rta3, Dkt.
No. 9-30.) The Appellate Division affirmed the judgment and
sentence on the same day. (Ra8, Dkt. No. 9-11.)

On May 11, 2016, Petitioner filed a motion for post-conviction
relief ("PCR"). (Ra9, Ra10, Dkt. Nos. 9-12, 9-13.) Her counsel
filed an amended verified petition and certification (Ra11, Dkt.
No. 9-14), and a supporting brief on November 22, 2016. (Ra12,
Dkt. No. 9-15.) The Honorable John T. Kelley, J.S.C. held a PCR

hearing on February 3, 2017. (Rta4, Dkt. No. 9-31.) After considering the parties' oral arguments and written submissions, he denied the petition by order issued the same day. (Ra14, Dkt. No. 9-17.) On March 9, 2017, Petitioner appealed the PCR decision. (Ra15, Dkt. No. 9-18.) On October 18, 2018, the Appellate Division affirmed the PCR court's ruling, but remanded the matter to the trial court to correct the Judgment of Conviction to reflect that the court found mitigating sentencing factor 9 applicable but accorded it little weight. (Ra18, Dkt. No. 9-21.) Pursuant to the remand, an amended Judgment of Conviction was filed on October 31, 2018. (Ra19, Dkt. No. 9-22.)

Petitioner filed a petition for certification in the New Jersey Supreme Court on November 28, 2019, along with a motion to file the petition as within time. (Ra20, Ra21, Dkt. Nos. 9-23, 9-24.) The Supreme Court granted petitioner's motion to file the petition as within time (Ra23, Dkt. No. 9-26), but on April 4, 2018, the court denied the petition for certification. (Ra24, Dkt. No. 9-27.) Petitioner filed her petition for habeas corpus relief in this Court on July 1, 2019. (Dkt. No. 1.)

II. FACTS DETERMINED BY APELLATE DIVISION ON POSTCONVICTION RELIEF ("PCR") REVIEW

28 U.S.C. § 2254(e)(1) provides that

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made

4

> by a State court shall be presumed to be
> correct. The applicant shall have the burden
> of rebutting the presumption of correctness by
> clear and convincing evidence.

On October 18, 2018, the Appellate Division made the following findings of fact.

> On July 28, 2013, Kafarr Logan Horton called
> a friend and asked him to come to his residence
> in Oaklyn, New Jersey. Horton said he would
> help his friend retrieve his car, but he first
> had to drive a female to Camden. Horton's
> friend drove to Horton's residence, and honked
> his horn to let Horton know he had arrived.
> Horton and a female exited the apartment.
> Horton was covered in blood from his chest to
> his shoes, and he said he had been stabbed.
> Horton had to lean on the female to walk to
> the car. They entered the car and drove to a
> hospital in Camden. Horton later was taken to
> a trauma center where he died.

> The police investigated the incident, obtained
> surveillance videos and identified
> [petitioner] as the female who accompanied
> Horton to the hospital. [Petitioner] later
> provided a statement to investigators at the
> Camden County Prosecutor's Office. Initially,
> [petitioner] denied knowing Horton, but later
> admitted she was with him on July 28, 2013.
> [Petitioner] said she met Horton at a Dunkin'
> Donuts, and after making other stops, they
> went to his apartment.

> [Petitioner] stated that she and Horton had
> sexual intercourse twice. She claimed Horton
> became rough the second time, and after they
> finished, Horton was lying on the bed talking
> on his phone. [Petitioner] went to the
> kitchen, took a knife, hid it under a towel,
> and returned to the bedroom. She stabbed
> Horton in the chest. [Petitioner] was charged
> in W-2013-00115-0426 with purposeful and
> knowing murder, contrary to N.J.S.A. 2C:11-
> 3(a)(1) or (2).

(Ra18 at 2-3, Dkt. No. 9-21) (alterations added).

III.   DISCUSSION

A.   Standard of Review

Prior to bringing a federal habeas petition under 28 U.S.C. § 2254, a state prisoner must exhaust his state remedies. § 2254(b)(1)(A). If a state prisoner's constitutional claim has been barred in the state courts on procedural grounds, a procedural default occurs and a habeas court cannot review the claim absent a showing of cause and prejudice or actual innocence. Coleman v. Thompson, 501 U.S. 722, 729, 750 (1991).

If a constitutional claim has been exhausted,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When a state court summarily rejects all or some federal claims without discussion, habeas courts must presume the

6

claim(s) was adjudicated on the merits. Bennett v. Superintendent
Graterford SCI, 886 F.3d 268, 282 (3d Cir. 2018) (citing Johnson
v. Williams, 568 U.S. 289, 302 (2013)). The presumption is
rebuttable. Bennett, 886 F.3d at 281-83. The Supreme Court
provided the following guidance.

> [H]ow [is] a federal habeas court is to find
> the state court's reasons when the relevant
> state-court decision on the merits, say, a
> state supreme court decision, does not come
> accompanied with those reasons. For instance,
> the decision may consist of a one-word order,
> such as "affirmed" or "denied." What then is
> the federal habeas court to do? We hold that
> the federal court should "look through" the
> unexplained decision to the last related
> state-court decision that does provide a
> relevant rationale. It should then presume
> that the unexplained decision adopted the same
> reasoning. But the State may rebut the
> presumption by showing that the unexplained
> affirmance relied or most likely did rely on
> different grounds than the lower state court's
> decision, such as alternative grounds for
> affirmance that were briefed or argued to the
> state supreme court or obvious in the record
> it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). "When the
evidence leads very clearly to the conclusion that a federal
claim was inadvertently overlooked in state court, § 2254(d)
entitles the prisoner to an unencumbered opportunity to make his
case before a federal judge." Johnson, 568 U.S. at 303.

The Third Circuit directed habeas courts to follow a two-
step analysis under § 2254(d)(1). See Rosen v. Superintendent
Mahanoy SCI, 972 F.3d 245, 253 (3d Cir. 2020) (citing Matteo v.

Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir. 1999) (*en banc*), cert. denied 528 U.S. 824 (1999)). First, courts should "determine what the clearly established Supreme Court decisional law was at the time Petitioner's conviction became final" and "identify whether the Supreme Court has articulated a rule specific enough to trigger 'contrary to' review." Id. at 253 (quoting Fischetti v. Johnson, 384 F.3d 140, 148 (3d Cir. 2004)). "The 'clearly established Federal law' provision requires Supreme Court decisions to be viewed through a 'sharply focused lens.'" Id. Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), only if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" Williams, 529 U.S. at 405-06.

Second, if Supreme Court precedent is not specific enough to trigger contrary review, habeas courts should "evaluate whether the state court unreasonably applied the relevant body of precedent." Rosen, 972 F.3d at 253 (quoting Matteo, 171 F.3d at 888)). Under § 2254(d)(1), "an unreasonable application of

federal law is different from an incorrect application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410). For relief under this provision, the state court's decision "evaluated objectively" must have "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Rosen, 972 F.3d at 252 (quoting Matteo, 171 F.3d at 890)). A habeas court must frame the "relevant question as whether a fairminded jurist could reach a different conclusion." Shinn v. Kayer, 141 S. Ct. 517, 524 (2020) or, in other words, whether "every fairminded jurist would disagree" with the state court. Mays v. Hines, 141 S. Ct. 1145, 1149 (2021).

A petitioner who claims that the state court's adjudication of his claim was based on an unreasonable factual determination under § 2254(d)(2), faces a similarly heavy burden of proof because "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); see also Miller-El v. Cockerell, 537 U.S. 322, 340 (2003). "The petitioner must show that the state court verdict was based on an unreasonable determination of the evidence and that a reasonable factfinder could not have reached the same conclusion." Rosen, 972 F.3d at 252 (3d Cir. 2020) (citing Campbell v. Vaughn, 209 F.3d 280, 291 (3d Cir. 2000)). Review under § 2254(d)(1) is limited to

the record that was before the state court that adjudicated the claim on the merits. Pinholster, 563 U.S. 170, 180-81 (2011).

The habeas statute permits an evidentiary hearing under the following circumstances,

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

>> (A) the claim relies on—

>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e). The Supreme Court explained,

> Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims "adjudicated on the merits in State court proceedings." At a minimum, therefore, § 2254(e)(2) still restricts the discretion of

> federal habeas courts to consider new evidence
> when deciding claims that were not adjudicated
> on the merits in state court. *See*, *e.g.*,
> *Michael Williams*, 529 U.S., at 427–429, 120
> S.Ct. 1479.

Pinholster, 563 U.S. at 185–86.

B.   Ground One

In her first ground for relief, Petitioner alleges she was denied effective assistance of counsel at sentencing because her counsel failed to argue for mitigation based on factors such as mental illness, PTSD and Battered Woman's Syndrome. (Pet. ¶12, Dkt. No. 1.)

Respondents oppose relief on Ground One of the petition. (Answer at 16-21, Dkt. No. 9.) They note that the PCR court found any attempt by Petitioner to reconsider the aggravating and mitigating sentencing factors was procedurally barred under N.J. Ct. R. 3:22-3, because Petitioner argued on direct appeal that her sentence was excessive, and a PCR petition cannot be used to substitute for direct appeal. (Id. at 19.) The PCR court further found the claim barred under N.J. Ct. R. 3:22-4 and N.J. Ct. R. 3:22-5, because Petitioner had specifically challenged the sentencing court's application of the aggravating and mitigating sentencing factors in her direct appeal. (Id.) The PCR court nonetheless considered the merits of the claim.[1] (Answer at 20,

---

[1]  Although the state court record establishes that Ground One of the habeas petition was procedurally defaulted, Respondents assert

Dkt. No. 9.) Respondents assert that the record supports the Appellate Division's affirmance of the PCR court's denial of this claim. (Id. at 20-21.)

In her traverse, Petitioner asserts her counsel was ineffective by failing to argue for a lesser sentence based on Battered Woman's Syndrome and PTSD. (Traverse at 5-7, Dkt. No. 14.) She suggests the facts of this case called for such mitigation because she had no criminal record and alleged she was physically and sexually abused by the victim just before stabbing him. (Id.)

    1.   *Standard of Review: Sixth Amendment Ineffective Assistance of Counsel*

The burden of proof on a Sixth Amendment claim of ineffective assistance of counsel under 28 U.S.C. § 2254 lies with the petitioner. Pinholster, 563 U.S. at 181 (citing Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam)). To meet the burden, Petitioner must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The two-part test requires a petitioner to establish (1) counsel's deficient performance and (2) prejudice. Strickland, 466 U.S. at 687. The first part of the test requires a petitioner to show that "counsel

---

the affirmative defense of procedural default only as to Ground Three of the petition. Therefore, the Court will address the merits of Ground One of the habeas petition. See Szuchon v. Lehman, 273 F.3d 299, 321 (3d Cir. 2001) ("A state ordinarily is required to assert a procedural default in its answer if it intends to rely on that defense.") (citations omitted).

made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Furthermore, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

"If it is easier to dispose of an ineffectiveness claim on the ground of a lack of sufficient prejudice, . . . that course should be followed." Id. at 697. "Prejudice" is established when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

    2.   *State court determination*

As a preliminary matter, applicable to each of the grounds for relief in the habeas petition, the New Jersey Supreme Court denied review of the Appellate Division's opinion on PCR appeal. Therefore, this Court "look[s] through" to the Appellate Division's reasons for rejecting Petitioner's federal claims. See Wilson, 138 S. Ct. at 1192 (describing "look-through" procedure). The Appellate Division, on PCR appeal, decided this claim as follows:

> The record supports [the PCR Judge's] findings
> of fact and his conclusion that [petitioner]
> failed to present a prima facie case of

13

> ineffective assistance of counsel. The record
> supports the judge's conclusion that counsel
> did not err by failing to argue mitigating
> factors four, eight and twelve at sentencing.
> The record also supports the judge's finding
> that petitioner had not shown the result would
> have been different if counsel had argued for
> the additional mitigating factors. Moreover,
> despite petitioner's claim to the contrary,
> defense counsel did argue mitigating factor
> nine.

(Ra18 at 9-10, Dkt. No. 9-21) (alterations added.) Because this claim was adjudicated on the merits in the state courts, Petitioner is not entitled to an evidentiary hearing. Pinholster, 563 U.S. at 185-86.

3. *Analysis*

The Appellate Division accurately set forth the standard announced by the U.S. Supreme Court for Sixth Amendment ineffective assistance of counsel claims. (Ra18 at 6-7.) Therefore, the question on habeas review is whether the state court's decision "evaluated objectively … resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Rosen, 972 F.3d at 252 (quoting Matteo, 171 F.3d at 890)). In other words, whether "every fairminded jurist would disagree" with the state court. Mays, 141 S. Ct. at 1149.

The Appellate Division did not explain how the record supported the PCR court's decision. Therefore, review of the PCR court's decision is necessary. The PCR court concluded that counsel did not err by failing to argue mitigating factors four, eight and

14

twelve at sentencing, and if counsel had argued for these factors,

the sentencing court would have rejected the argument.

But, if the Court were to consider the four mitigating factors the defendant has presented in her petition, defendant has failed to establish a prima facie case of ineffective assistance of counsel.

First, defendant argues that her mental health disorders and her substance abuse both contributed to the commission of her offense, and tend to excuse or justify the defendant's conduct. Though failing to establish a defense, as set forth in factor number 4, Defendant reports that she suffered from depression and anxiety, with attended crying spells, 1ow energy, sleep disturbances, low tolerance for frustration, anhedonia, poor appetite, problems with concentration, poor compliance with prescribed psychiatric medications and possible addiction to percocet.

But of the five health records defendant provides, two had litt1e or no mention of any mental health issue. For example, the medical record dated September 9, 2010 showed defendant received follow-up care for treatment for a broken nose, and an abscess on her buttocks. Under psych/dep/anxiety, the medical record is blank. Thus, the September 9, 2010 medical record would not have supported the mental health claim for mitigating factor 4.

Also, the medical record dated September 13th, 2011, defendant was treated for a urinary tract infection and follow-up from an abortion three weeks earlier. Defendant complained of frequent abdominal pain, lower back pain, and bladder tenderness.

Defendant also complained of anxiety and mild depression. While the medical record listed follow-up with psych with monitoring BuSpar

and Xanax, the predominant treatment was for the urinary tract infection and abortion follow-up with the recommendation. Thus, the defendant is relying on the remaining three medical records, none of which appear to be from a psychiatrist or a psychologist.

Additionally, defendant has presented no evidence linking defendant's anxiety or depression two years earlier to the incident with defendant having stabbed the victim.

Despite defendant's lack of evidence in support of her claim that her mental health disorders and her substance abuse contributed to the commission of her offense, the New Jersey Supreme Court has long held that drug dependency does not qualify as a factor for justification, as explained in State versus Gertler (phonetic).

The Appellate Division reaffirmed the exclusion of drug dependency as factor 4 considerations in State versus Tawaie (phonetic). Further, the code does not condone leniency, even where the commission of the offense may be related to an offender's drug or alcohol addiction, as explained in State versus Rivera, in State versus Setzer. Therefore, even if trial counsel had argued that defendant's mental health disorder and drug addiction justified defendant's conduct under mitigating factor 4, the Court would have rejected mitigating factor 4 at sentencing.

Second, defendant asked the Court to consider her mental health disorders and substance abuse under mitigating factors 8 and 9. Defendant claims that the confluence of her untreated mental health problems and her substance abuse played a critical role in the tragedy that took place on July 28th, 2013. Defendant argues that her lack of criminal history before her offense, and her lack of any new charges while incarcerated, establishes that her struggle with her mental

health and substance abuse led to her conduct, and now that she is sober, these circumstances are unlikely to occur, which would be set forth in 8.

Similarly, defendant argues that her untreated mental health disorders and substance abuse treatment from her being able to control- her behavior -- prevented her from being able to control her behavior, and that these factors contributed to her offense. However, as the state points out, our courts have long rejected double counting mitigating factors, because double counting mitigating factors distorts the sentencing guidelines as much as double counting aggravating factors as explained in State versus * (2:19:36)

Defendant has already received the benefit of a downgraded charge from purposeful, knowing murder to aggravated manslaughter. The aggravated manslaughter charge to which the defendant pled guilty reduced the mens rea to recklessness from purposeful, knowing conduct. Thus, using defendant's mental health and substance abuse history would result in the Court double counting for mitigating factors 4, 8 and 9 in addition to the downgrade to aggravated manslaughter.

Finally, defendant argues that trial counsel committed ineffective assistance of counsel by failing to argue for mitigating factor 12. Defendant argues that she showed a willingness to cooperate with law enforcement. Defendant states that she agreed to accompany the authorities to the Camden County Prosecutor's Office for an interview, waived her Miranda Rights, and confessed to her role in Mr. Horton' s death.

However, defendant initially denied responsibility. Only after being shown the video footage of defendant at the hospital did defendant finally cooperate and admit her wrongdoing. Even in her admission, defendant downplayed her responsibility by claiming that

17

she had been sexually assaulted. The defendant never reported the sexual assault until after her confession, even though she was in the hospital at the time of the offense and could have received treatment for the alleged sexual assault.

In the context of waiving mandatory minimum and extended terms in narcotics cases, our courts have adopted the substantial value standard which accords with the approach established by the federal courts, as explained in State versus Gerns (phonetic). The United States sentencing guidelines provide the sentencing court may depart downward from the presumptive punishment range when the government has shown that the defendant has provided substantial assistance to the prosecution.

Here, it is -- it can hardly be said that the defendant provided substantial [assistance] to the prosecution. Video footage had been obtained, showing the defendant with the victim before defendant admitted to the offense. Defendant has failed to set forth a prima facie case of ineffective assistance of counsel.

Regarding the first prong of Strickland, defendant has failed to prove that trial counsel made errors so serious that she was not functioning as counsel guaranteed by the Sixth Amendment. Counsel has failed to prove that the sentencing court would have considered mitigating factors 4, 8, 9 and 12 had the trial court argued for such factors at sentencing.

Further, under the second prong of Strickland, defendant has failed to prove that she was prejudiced by trial counsel's alleged deficient performance, because her trial counsel had argued for the appropriate mitigating factors at sentencing. Defendant was sentenced according to the plea agreement, and defendant's sentence was within the range

> of latitude for a sentence for the offense
> committed. Thus, having failed to make a prima
> facie case of ineffective assistance of
> counsel, defendant's petition for post-
> conviction relief will be denied.

(Rta4 at 30-36, Dkt. No. 9-31.)

The PCR court thoroughly explained the basis in state law applied to the facts of the case to support the decision that trial counsel was not ineffective in failing to argue for mitigating factors 4, 8, 9 and 12 at sentencing. Further, the PCR court explained why, as the sentencing judge, he would not have imposed a lower sentence if defense counsel had argued for these mitigating factors. Petitioner has not pointed to a factually similar case where the Supreme Court, or any federal court, came to a contrary conclusion under similar facts. Therefore, it was not objectively unreasonable for the Appellate Division to affirm the PCR court's denial of his claim. Petitioner has not shown that she is entitled to habeas relief on Ground One of the petition.

C.   Ground Two

For her second ground for relief in the habeas petition, Petitioner alleges her trial counsel violated her right to effective assistance of counsel under the United States Constitution by: (1) failing to request a psychiatric examination performed; (2) failing to call an expert witness due to Petitioner's PTSD caused by multiple rapes; (3) failing to advise Petitioner, prior to her guilty plea, of the available defenses,

including diminished capacity and Battered Woman's Syndrome; and (4) failing to explain the elements that constitute the crime of aggravated manslaughter. (Pet. ¶12, Dkt. No. 1.)

Respondents oppose habeas relief on Ground Two of the petition. (Answer at 21-27, Dkt. No. 9.) Respondents contend that the Appellate Division reasonably applied the <u>Strickland</u> standard in determining that defense counsel effectively represented Petitioner with respect to her guilty plea to aggravated manslaughter.

In her traverse to the answer, Petitioner realleges the claims in her petition and concludes that if her attorney had better prepared, Petitioner's sentence likely would have been shorter. (Traverse at 8, Dkt. No. 14.)

1.   *State court determination*

The Appellate Division, on PCR appeal, decided this claim as follows:

> Defendant claims she did not enter her guilty plea knowingly and intelligently because her attorney allegedly "fail[ed] to advise her of available defenses, such as PTSD, self-defense, diminished capacity[,] and battered woman's syndrome." She claims her attorney did not "explain the elements that constitute the crime of aggravated manslaughter[,] and that the State ha[d] the burden of proving all of the elements beyond a reasonable doubt." She asserts her attorney should have obtained a psychiatric evaluation, which would have revealed she was suffering from PTSD and other mental disorders.

20

Here, Judge Kelley noted in his order denying PCR that he had considered defendant's pro se arguments. In his decision, Judge Kelley specifically noted the standard that applies to claims of ineffective assistance of counsel regarding a plea. The judge stated that defendant claimed her attorney did not properly investigate the case but failed to present an affidavit or certification setting forth the facts such an investigation would have revealed. The judge also pointed out there was insufficient evidence to support defendant's claim that her mental health disorders contributed to the commission of the offense. Furthermore, the transcript of the plea hearing provides no support for defendant's claim that her attorney failed to provide her with sufficient advice when she entered her plea. The court asked defendant whether she had an opportunity to review the case with her attorney, and she said, "Yes." The court asked defendant whether her lawyer had answered all of her questions about the charges. She replied, "Yes." Defendant also acknowledged counsel had provided her with all of the discovery materials. Defendant acknowledged that by pleading guilty, she was giving up certain rights, including the right to a jury trial and the right to have the State prove she was guilty beyond a reasonable doubt.

In addition, defendant told the court she understood the charge of aggravated manslaughter. She said she was satisfied with the legal advice provided by her attorney, and she was pleading guilty voluntarily. Defendant was asked if she was waiving a defense based on intoxication, self-defense, or passion/provocation. She replied, "Yes." She also said she had discussed these defenses with her attorney and she understood them. We therefore reject defendant's contention that the PCR court failed to address the claims asserted in her pro se petition. The record supports the PCR court's determination that defendant had not presented a prima facie case

of ineffective assistance of counsel with
regard to her plea.

(Ra18 at 11–12, Dkt. No. 9–21) (alterations in original). Because
the state courts addressed the merits of the claim, Petitioner is
not entitled to an evidentiary hearing. <u>Pinholster</u>, 563 U.S. at
185–86.

    2.  *Analysis*

The Appellate Division applied the correct standard under
<u>Strickland</u> in assessing this claim. (Ra18 at 10, Dkt. No. 9–21.)
Therefore, the issue is whether the state court's decision was
objectively unreasonable under clearly established Supreme Court
precedent. Petitioner has not set forth a factually similar Supreme
Court case in support of her claim. Therefore, habeas relief is
appropriate only if every fairminded jurist would disagree with
the Appellate Division's decision. The Appellate Division rejected
the claim based on Petitioner's plea colloquy with the trial court,
where she agreed that she understood the charges, waived her
defenses, her lawyer answered all her questions, and she was guilty
beyond a reasonable doubt.

Further, the Appellate Division found that there was
insufficient evidence that Petitioner was suffering from mental
disorders when she stabbed the victim. The record supports this
conclusion because Plaintiff produced only five medical records
from two years before the crime, none of which contained a

diagnosis of PTSD or mentioned that Petitioner was a victim of physical or sexual abuse. (Rta4 at 27-28, Dkt. No. 9-31.) Furthermore, as noted by the PCR court,

> Defendant has produced no evidence to have [mental health] treatment at the time of the offense. Defendant's parents did not comment on defendant's mental health history at the time of the sentencing. Defendant's pre-sentence report states ["]none reported["] under mental health treatment history, as well as under diagnosis comments.
>
> And despite the fact that the pre-sentence report states that the defendant reported prior percocet and ecstacy use, defendant did not use at the time of the offense.

(Id. at 28.) Thus, the record supports the Appellate Division's rejection of Petitioner's ineffective assistance of counsel claim. The Court will deny Ground Two of the petition.

D.   Ground Three

Petitioner's third ground for relief is that her guilty plea was not knowing and voluntary because the trial court failed to explain the elements of aggravated manslaughter. (Pet. ¶12, Dkt. No. 1.)

Respondents argue that this claim is unexhausted because Petitioner failed to raise it in her direct appeal, and it is also procedurally defaulted because she was barred in the PCR court from raising any claim she could have raised on direct appeal. (Answer at 37, Dkt. No. 9.)

23

In her traverse, Petitioner claims she exhausted Ground Three by raising it in the PCR court and by appeal of the PCR court decision. (Traverse at 8-10, Dkt. No. 14.) Alternatively, she asks the Court to strike the unexhausted claim and consider the remainder of the claims in the petition. (Id. at 10.)

### 1.   *State court determination*

Neither the PCR court nor Appellate Division on PCR Appeal *explicitly* addressed whether Petitioner's claim that the trial court failed to advise her of the elements of aggravated manslaughter was procedurally defaulted. The PCR court, however, explained that "Defendant filed an appeal on this case, and could have included all issues in her direct appeal." (Rta4 at 19, Dkt. No. 9-31.) The PCR court concluded that, "under Rule 3:22-4, defendant's petition is barred."[2] (Id. at 20.)

---

[2] New Jersey Court Rule 3:22-4(a) provides:

> (a) First Petition for Post-Conviction relief. Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

The PCR court also addressed the merits of Petitioner's claim that her plea was not knowing and voluntary. Because the state courts addressed the merits of the claim, Petitioner is not entitled to an evidentiary hearing. Pinholster, 563 U.S. at 185–86.

> During the plea colloquy, [petitioner] acknowledged reviewing the charges in discovery with her attorney before pleading guilty. The [petitioner] also acknowledged understanding the charges to which the [petitioner] was pleading, and the maximum sentence.
>
> The court then went over the [petitioner]'s rights which she was waiving by pleading guilty. I made certain that she was satisfied with [trial counsel]'s representation.
>
> I then made sure the [petitioner]'s plea was knowing and voluntary. I additionally made sure that she understood the plea forms and answered the questions truthfully, and that she fully understood the terms of the plea agreement. After the [petitioner] provided a factual basis, I found the [petitioner]'s plea to be knowing and voluntary.

(Rta4 at 5, Dkt. No. 9-31.) (alternations added).

---

> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

The Appellate Division, discussing Petitioner's claim that her counsel was ineffective for failing to explain the elements of aggravated manslaughter, stated the following.

> [D]efendant told the court she understood the charge of aggravated manslaughter. She said she was satisfied with the legal advice provided by her attorney, and she was pleading guilty voluntarily. Defendant was asked if she was waiving a defense based on intoxication, self-defense, or passion/provocation. She replied, "Yes." She also said she had discussed these defenses with her attorney and she understood them.

(Ra18 at 12, Dkt. No. 9-21.)

2.   *Procedural default analysis*

Respondent correctly notes that although petitioner filed a direct appeal in the state court, she did not raise her claim that the trial court failed to explain the elements of aggravated manslaughter. (Ra5, Dkt. No. 9-8; Rta3, Dkt. No. 9-30.) She, did, however, include the claim in Ground Three of her pro se PCR petition (Ra10 ¶8c, Dkt. No. 9-13.), which in turn was incorporated with her other pro se claims in the brief filed in support of her PCR petition by her PCR counsel (Ra12 at 22, Dkt. No. 9-15.) The claim was procedurally barred from consideration in the state court because it could and should have been raised in petitioner's direct appeal. N.J. Ct. R. 3:22-4. See Cabrera v. Barbo, 175 F.3d 307, 314 (3d Cir. 1999) (N.J. Ct. R. 3:22-4 provided an independent and adequate state ground to procedurally bar the petitioner's federal

habeas claim.) Therefore, Ground Three of the habeas petition is procedurally defaulted. Petitioner did not specifically assert cause and prejudice or actual innocence to excuse the procedural default. Nonetheless, the PCR court addressed the merits of the claim, and this Court will consider whether the PCR court's denial of the claim was based on an unreasonable determination of the facts or contrary to clearly established federal law.

3.   *Standard of Law:  Knowing and Voluntary Plea*

A guilty plea is valid where "the plea represents a voluntary and intelligent choice among the alternative courses open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970). The Supreme Court determined that the most efficient method of insuring the intelligent, voluntary nature of a guilty plea is through the colloquy between the trial judge, the defendant and the defendant's attorney. McCarthy v. U.S., 394 U.S. 459 (1969) (requiring trial court, pursuant to Rule 11, to personally inquire as to the defendant's understanding of the nature of the charge).

Furthermore, a habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden. Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).

> [T]he representation of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent

> collateral proceedings. Solemn declarations
> made in open court carry a strong presumption
> of verity.

Zilich, 36 F.3d at 320.

>    4.   *Analysis:  Knowing and voluntary plea*

The Appellate Division, on PCR appeal, found that the plea hearing transcript provided "no support" for petitioner's claim that she had not received sufficient advice prior to entering her guilty plea. (Ra18 at 11 to 12, Dkt. No. 9-21.) Upon review of the plea transcript (Rta1, Dkt. No. 9-28), this Court agrees. The Appellate Division correctly noted that "[D]efendant told the court she understood the charge of aggravated manslaughter." (Id. at 12.) The written factual basis for the plea indicates that Petitioner admitted to facts that established the elements of an aggravated manslaughter charge under New Jersey law.[3] (Ra2A, Dkt. No. 9-5.) Therefore, although Ground Three of the petition is procedurally defaulted, it also fails on the merits. See e.g. United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000) (finding plea was knowing and voluntary although the trial court failed to recite the elements of the offense.)

---

[3] N.J. Stat. Ann. § 2C:11-4 (West) (effective January 8, 2002 to January 20, 2020) defines aggravated manslaughter "Criminal homicide constitutes aggravated manslaughter when … The actor recklessly causes death under circumstances manifesting extreme indifference to human life[.]"

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockerell, 537 U.S. 322, 327 (2003). Jurists of reason could not disagree with this Court's resolution of Petitioner's habeas claims. Therefore, the Court denies a certificate of appealability.

V.   CONCLUSION

For the reasons discussed above, Petitioner has not met her burden for habeas relief under 28 U.S.C. § 2254, and a certificate of appealability shall not issue.


An appropriate Order follows.


Dated: **July 21, 2021**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District**